IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Bethany Pace | § | |
| | § | |
| *Plaintiff* | § | Civil Action No.: |
| | § | |
| | § | 5:21-cv-332 |
| | § | |
| *versus* | § | |
| | § | |
| | § | |
| | § | |
| The Dominion Motors, LLC | § | |
| | § | |
| *Defendant* | § | |
| | § | |

Plaintiff's Original Complaint

_____

Introduction

1. The Truth in Lending Act (TILA) was enacted to guarantee the accurate and meaningful disclosure of the costs of consumer credit and enable consumers to make informed choices when seeking credit.

2. TILA mandates disclosures of accurate information regarding a credit transaction including the amount financed, annual percentage rate (APR), total of payments, and total sale price. A misrepresentation in

these disclosures gives rise to a claim under the Act.

3. Plaintiff files this action for Defendant's violation of the Truth In Lending Act and seeks actual damages, statutory damages, attorney's fees, costs, and equitable relief.

## Jurisdiction & Venue

4. Jurisdiction of this Court arises under 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331.

5. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## Parties

6. Plaintiff, Bethany Pace, is a natural person who resides in and has resided in San Antonio, Bexar County, Texas at all times relevant to this action.

7. Defendant, The Dominion Motors, LLC is a Texas limited liability company who is located at 26655 Interstate 10 West, Boerne, Texas 78006. It may be served at that address via a corporate officer or its registered agent Angeles Josefina Rasmusson Sinencio.

Facts

8. Bethany Pace is Specialist in the United States Army and is stationed at Fort Sam Houston, in San Antonio, Texas.

9. Pace sought to purchase a vehicle for her and her family's personal use.

10. She and her husband went to The Dominion Motors and found a vehicle they liked.

11. They chose a 2000 Ford Excursion with a diesel engine.

12. After a brief inspection they decided to purchase the Excursion.

13. The Dominion Motors offered in house financing for the Excursion.

14. A true and correct copy of the financing agreement (Agreement) is attached at Exhibit A, except, to the extent required by Fed. R. Civ. P. 5.2, it has been redacted.

15. The Agreement states that the annual percentage rate (APR) is 26.250%.

16. The Agreement states that the finance charge is $6,364.22.

17. The Agreement states that the total of payments is $20,072.44.

18. The Agreement requires 81 bi-weekly payments of $250.00.

19. The total of payments stated in the Agreement is incorrect.

20. Correctly calculating 81 payments of $250.00 is $20,250.

21. The total of Mrs. Pace's payments is $20,250 not $20.072.44.

22. Per the APR-Tool[1], The Dominion Motor's other TILA disclosures are misleading.

23. A true and correct copy of the APR-Tool's results with the information from the Agreement is attached as Exhibit B.

24. The correctly calculated APR is 26.6732%.

25. The correctly calculated finance charge is $6,541.78.

26. The following table summarizes this information:

| Item | Agreement | Exhibit B |
|---|---|---|
| APR | 26.25% | 26.6732% |
| Total of Payments | $20,072.44 | $20,250.00 |
| Finance Charge | $6,364.22 | $6,541.78 |

---

[1] https://www.ffiec.gov/examtools/FFIEC-Calculators/APR/#/accountdata (last visited April 1, 2021)

27. The Dominion Motors' TILA disclosures were false.

28. The Dominion Motors' TILA disclosures were misleading.

## Cause of Action – Truth In Lending Act

29. Bethany Pace is a consumer as defined by 15 U.S.C. § 1602(i).

30. The Dominion Motors is a creditor as defined by TILA in 15 U.S.C. 1602(g).

31. The Agreement contains material disclosures as defined by TILA 15 U.S.C. § 1604(v).

32. By calculating the annual percentage rate (APR) based upon an improperly calculated total of payments, 15 U.S.C. § 1606, Regulation Z § 1026.22, the defendant understated the disclosed annual percentage rate in violation of 15 U.S.C. § 1638(a)(4) and Regulation Z § 1026.18(e).

33. Defendant understated the APR by .4232%.

34. This is greater that the 1/8 or .125% tolerance provided by Regulation Z.

35. Defendant's misleading disclosure violated TILA by depriving Plaintiff of truthful non-misleading information regarding a credit agreement.

## Jury Demand

36. Plaintiff demands this case be tried before a jury.

Prayer for Relief

Plaintiff prays, that this Court enter judgment against Defendant and in favor of Plaintiff for:

a. Actual damages per 15 U.S.C. § 1640(a)(1);

b. Statutory damages per 15 U.S.C. § 1640(a)(2);

c. Attorney's fees, costs, and litigation expenses per 15 U.S.C. § 1640(a)(3);

d. Equitable relief, including but not limited to, recission and/or reformation of the subject finance agreement;

e. Such other and further relief as this Court deems appropriate.

Respectfully Submitted,

Dated: April 5, 2021

/s/William M. Clanton  
William M. Clanton  
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.  
926 Chulie Dr.  
San Antonio, Texas 78216  
210 226 0800  
210 338 8660 fax  
bill@clantonlawoffice.com